**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4687**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

RICKY MCKINLEY INGRAM,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr., Chief
District Judge.  (1:06-cr-00460-JAB)

———————

Submitted:  November 20, 2007        Decided:  November 28, 2007

———————

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, Gregory Davis, Senior
Litigator, Winston-Salem, North Carolina, for Appellant.  Anna
Mills Wagoner, United States Attorney, David Paul Folmar, Jr.,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky McKinley Ingram appeals his conviction and 262-month sentence for distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2000). Ingram's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal. Ingram has been notified of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Ingram raises the issue of whether the district court erred by denying his motion to withdraw his guilty plea. "[T]he district court has discretion to decide whether a 'fair and just reason' exists upon which to grant a withdrawal." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003). The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).

In determining whether a defendant has shown a "fair and just reason" to withdraw his guilty plea, a court examines the following six factors: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether defendant has had close assistance of competent counsel; (5) whether withdrawal

will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.  United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).  The most important consideration in resolving a motion to withdraw a plea, however, is whether the Rule 11 plea colloquy was properly conducted.  Bowman, 348 F.3d at 414.  We closely scrutinize the Rule 11 hearing and attach a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate.  United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).  We have reviewed the transcripts of the Rule 11 proceeding and the sentencing hearing, and we conclude that the district court did not abuse its discretion in denying Ingram's motion to withdraw his guilty plea.

Counsel also suggests that Ingram's sentence is unreasonable.  In imposing a sentence post-Booker,[*] courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007).  United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable."  Id. at 433 (internal quotation marks and citation omitted); see Rita v. United

---

[*]United States v. Booker, 543 U.S. 220 (2005).

States, 127 S. Ct. 2456, 2462-69 (2007). The district court properly calculated the guideline range and appropriately treated the sentencing guidelines as advisory. We find that Ingram's sentence within the guidelines range is reasonable.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED